(Decided July 12th, 1865.)

---

## WILLIAM ISAACS *vs.* THE STATE OF MARYLAND.

CRIMES AND PUNISHMENTS: LARCENY: CRIMINAL PRACTICE.—THE CODE, ART. 30, SEC. 98, imposing a punishment for simple larceny, provides, that the person found guilty of the offence, "shall restore the money, goods or things taken, to the owner, or shall pay to him the full value thereof, and *be sentenced to the Penitentiary* for not less than one, nor more than fifteen years." W. J. having been found guilty of this crime, the sentence of the Court was: "That the said W. J. do undergo a confinement in the Penitentiary, for the period of twelve years, *and that he serve and labor for the said period,* according to the Act of Assembly in such case made and provided." HELD.

1st. That there was no error in the sentence pronounced by the Court against the plaintiff in error, in awarding to him *service and labor* in the Penitentiary.

2nd. That the sentence was not vitiated by its omitting to declare that the prisoner should restore the thing taken to the owner, or pay him the full value thereof; the terms omitted, being no part of the sentence, but merely declaratory of the rights of the owner to the thing stolen, and of the duty of restoration or payment by the prisoner.

3rd. If a lighter burden is imposed by the sentence on a convict than the law authorizes, the prisoner ought not to have the privilege of a reversal and discharge on that account.

Isaacs *vs.* The State.

WRIT OF ERROR from the Criminal Court of Baltimore city:

The facts of this case are fully stated in the opinion of this Court.

The cause was argued before BOWIE, C. J., and BARTOL, GOLDSBOROUGH, COCHRAN and WEISEL, J.

*Bernard Carter*, for the plaintiff in error, argued:

I. That the sentence pronounced upon the prisoner in this case is erroneous, and unauthorized by the laws of Maryland:

1st. Because the sentence is, that the prisoner "serve and labor in the Penitentiary for twelve years," whereas, the only sentence authorized by law is, that the prisoner be "confined in the Penitentiary;" and therefore the award of sentence that he "serve and labor" in the Penitentiary was illegal, and renders the sentence illegal and void. For the proper sentence, see 1 Code, Art. 30, sec. 98, page 230.

That the sentence passed was illegal and void, see *Daniels vs. Comm.*, 7 *Barr.*, (*Pa.*,) 371. *Kraemer vs. Comm.*, 3 *Bin.*, (*Pa.*,) 584. *Silverside vs. The Queen*, 2 *Gale & Davidson*, 617. *Stevens vs. Comm.*, 4 *Met.*, 360, 371. *Guldin vs. Comm.*, 6 *Serg. & Rawle*, (*Pa.*,) 554. *Wilde vs. Comm.*, 2 *Met.*, 408, 412. *Haney vs. The State*, 5 *Wis.*, 529. *Fitzgerald vs. The State*, 4 *Wis.*, 395. *King vs. Bridges*, 8 *East.*, 53.

2nd. Because the law of Maryland, punishing larceny, declares that the prisoner who shall be convicted thereof, shall restore the thing stolen or its value, and be sentenced to the Penitentiary for not less than one nor more than fifteen years; and the Court, in passing sentence upon the plaintiff in error, omitted to make it a part of its sentence that said prisoner should restore the things stolen, or their value. 1 Code, 230, Art. 30, sec. 98.

That a prisoner may have reversed a sentence against him, though it is more favorable to him than the sentence

prescribed by law, see *King. vs. Ellis,* 5 *Barn. & Cress.,* 395, (11 *Eng. C. L. Rep.,* 259.) *Whitehead vs. The Queen,* 7 *Adol. & Ell., N. S.,* 582, (53 *Eng.' C. L. Rep.,* 582.) *Fitzgerald vs. State,* 4 *Wis.,* 395. *Haney vs. State,* 5 *Id.,* 529. 4 *Met.,* 360, 371.

The Court can pronounce no sentence, except the particular one prescribed by the law. *Watkins vs. State,* 14 *Md. Rep.,* 412. *Cornish vs. State,* 15 *Id.,* 208.

II. That the sentence pronounced against the plaintiff in error being erroneous and void, the judgment must be reversed and the prisoner discharged. *Watkins vs. State,* 14 *Md. Rep.,* 412. 2 *Gale & Davidson,* 617. 7 *Adol. & Ell.,* 58. *Sheperd vs. Comm.,* 2 *Met.,* 419. 7 *Barr., (Pa.,)* 371. Or the cause may be remanded, so that a correct judgment may be entered. *Blessing vs. House's Lessee,* 3 *G. & J.,* 293.

*A. Randall,* Attorney General, and *J. Dean Smith,* for the defendant in error :

1st. The sentence is in exact accordance with the law : see 1 vol. Code, Art. 30, sec. 98, page 230, taken in connection with Code, Art. 78, sec. 37, p. 493. The words, service and labor, which are complained of as rendering the sentence illegal and void, are not absolutely necessary, but only prescribe to be done the very thing provided in sec. 37 of Art. 73; they in no way alter, for the worse, the condition of the plaintiff in error, and are no proper cause of complaint; the sentence is in the usual form as used in the Criminal Court of Baltimore city, and is legal in form and effect.

2nd. Unless the sentence or judgment contravene the law, or render the condition of the prisoner, upon whom it is passed, worse, it will not be reversed at his instance. 1 *vol. Bishop's Crim. Law,* sec. 420, note 2. *Rawlings vs. State,* 2 *Md. Rep.,* 216. *Kane vs. People,* 8 *Wend.,* 203 to 211. *Octon vs. State,* 5 *Ala.,* 463. *Dodge vs. State,* 4 *Zab. (N. J.,)* 455. *McQuoid vs. The People,* 3 *Gilman,*

76. *Moore vs. Comm.*, 29 *Pa. State Rep.*, 445, (5 *Casey.*) *Seaton vs. State*, 20 *Ala. Rep.*, 15. *Webster vs. Comm.*, 5 *Cush.*, 386.

3rd. All the cases referred to by the plaintiff in error, show that there must be substantial injury and injustice worked by an erroneous judgment or sentence, to enable the Appellate Court to reverse the judgment. In this case no injustice or injury is done by the sentence. The omission of the Judge to order the restoration of the property, cannot be complained of by the plaintiff in error, it was not to his prejudice, and, in fact, it was not intended by the law to be made part of the sentence. See 1 vol. Code, Art. 30, page 230, and cases referred to on second point.

4th. The Court of Appeals, if they do not approve of this judgment and sentence of the Court below, have power to modify the same, and give such judgment as ought to be given by that Court, and may do so in this case. 1 Code, title, "Appeals," Art. 5, sec. 14, p. 22. (See, also, p. 198.) *Beall vs. Comm.*, (1 *Casey*, 11,) 25 *Penn. State Rep. Brown vs. State*, (8 *English*,) 13 *Ark.*, 96. *Regina vs. Holloway*, 5 *Eng. L. & E. Rep.*, 310. *Regina vs. Hyde*, 9 *Eng. L. & E. Rep.*, 365. *Daniels vs. Comm.*, 7 *Barr.*, 371. *Drew vs. Comm.*, 1 *Whart.*, 279. *State vs. Church*, 9 *Iredell*, 454. *Logan's case*, 5 *Grattan*, 692.

WEISEL, J., delivered the opinion of this Court:

The plaintiff in error, convicted of larceny, in the Criminal Court of Baltimore city, complains of the sentence or judgment of that Court, pronounced upon him, as erroneous and unauthorized by the law of Maryland, in two particulars, and seeks its reversal, and his discharge from the Penitentiary. He was convicted and sentenced in October 1863.

The sentence of the Court was, "*that the said William Isaacs do undergo a confinement in the Penitentiary for the period of twelve years, and that he serve and labor for the*

*said period according to the Act of Assembly, in such case made and provided."*

We will examine these two grounds of error assigned. The first is: that the sentence is, that he *serve and labor* in the Penitentiary for twelve years; whereas, the only authorized sentence is, that he be "confined to the Penitentiary," and that the award of *service and labor* there for that period was illegal, and that it renders the sentence void.

The Code, in Article 30, on Crimes and Punishments, section 98, prescribes no form of sentence in larceny. It simply declares in these words: "Every person convicted of the crime of simple larceny, to the value of five dollars and upwards, or as accessory thereto before the fact, shall restore the money, goods or thing taken to the owner, or shall pay to him the full value thereof, and be sentenced to the penitentiary for not less than one year, nor more than fifteen years." This is very general language; not even the word *confinement*, used in this and probably every sentence of the kind, being found in it; and yet used in this sentence and all others of the kind without objection. The Code elsewhere provides for the mode of enforcing obedience to the sentence, or inflicting the punishment, and the objection here taken, rests on the simple ground that this can legally form no part of the judgment of the Court. It is certainly not a necessary part of it; and we unite in commending the example of the late venerated Chief Justice of Pennsylvania, when pronouncing sentences upon convicts, of always having the Act inflicting the punishment before him, and framing the sentence, as near as could be, in the words of the Act. "This," observes a learned Judge, "is worthy of imitation, and, if strictly observed, would save the Court some trouble, besides contributing to a more satisfactory administration of justice." 7 *Barr.*, 374. But we agree with most of the reasoning of Chief Justice GREEN, in the case of *Dodge vs. The State*, 4 *Zab.* (*N. J.*) *Rep.*, 464, 467, on this subject. Where the statute prescribes the mode of punishment, and the sentence conforms with the

provisions of the law, and the penalty is in no wise varied by the phraseology of the sentence, the introduction of that mode into it, is no ground of error. Our Code, in its Article 73, on the Penitentiary, provides for the *admission* of convicts into the Penitentiary, and at section 37 enacts, that "they shall be put to hard labor every day in the year, except Sunday and Christmas day, and when Christmas day falls on Sunday, then the next Monday is excepted, and their time so employed as will be most advantageous." The following sections provide other modes of treatment conducive to their discipline and conduct. The sentence in this case, by the words objected to, cannot, unless by a most forced construction, be considered as varying the mode of punishment which the law prescribes in cases of larceny. The convict was adjudged to undergo confinement in the penitentiary for twelve years, there to *serve and labor* for that period, *according to the Act of Assembly, in such case made and provided;* in other words, there to undergo the labor and treatment which the law provides. This does not add anything to the punishment inflicted by law, or in anywise affect the rights of the convict. It is simply declaratory of what will be done with him when admitted within the walls of the Penitentiary, under the law, in all its parts, under which he is sentenced. For we do not understand or so construe the language used in this sentence as restrictive upon the Legislative power, or as so fixing the punishment as not to conform it to any future law modifying it or mitigating the disciplinary regulations of the Penitentiary.

In the case in New Jersey, referred to, the sentence was for perjury, and the statute provided that every person convicted of that offence, should be punished by fine or imprisonment at hard labor, or both, at the discretion of the Court; and this, it was contended, was the peculiar punishment inflicted for the offence, and the Court could add nothing to the sentence. But the statute also provided that every convict sent to the State prison, should be confined in one of its cells, separate and alone, and that he should be

safely kept there until the term of his confinement shall have expired, and the fine and costs of prosecution be paid or remitted. By the judgment of the Court, the convict was sentenced to *solitary confinement* in the State prison, and to stand committed *until the costs of prosecution were paid*. This, the Court adjudged, was in both respects in conformity with the provision of the law, and it was affirmed. So in the case before us, the phraseology employed, in addition to the confinement in the Penitentiary, does not mean any more than that he shall be employed in the Penitentiary for the period he shall serve, in such mode as the law provides. The sentence is not that he shall work at a particular trade, or in a particular mode, otherwise than the law prescribes; that would be erroneous and void.

In interpreting the language employed by a Court in a case like this, the rule is, that any word which might be bent from its natural meaning, should be taken in connection with the subject matter, and with the well-known practice in such cases. The Supreme Court of Massachusetts, in the well-known case of *Dr. Webster*, who was under sentence of death, and who complained of the sentence in his case as appointing a place of execution different from that provided by law, observed this rule of construction. Such sentence was to be executed within the walls, or within the enclosed yard of the prison of the county in which the conviction is had. The terms of the sentence in his case were, that he be "taken to the jail from whence," &c., "and thence to the place of execution," and it was contended that, by this language, an execution within the walls of the jail was excluded. But that learned Court did not so understand it, but regarded the expression as equivalent to the common order accompanying any sentence, viz: "to be taken into or kept in custody till sentence is to be executed, and thence" (that is, from *the custody* in which he is to be kept till the time of execution) "to the place of execution." 5 *Cush.*, 407.

We think, that by a close examination of the numerous

cases referred to in the argument, these principles, which guide us in the disposal of this question, are acknowledged and adopted. The case in 3 *Binney,* 577, (*Krœmer vs. The Commonwealth,*) does not militate against these views, for a law had been passed repealing so much of a former law as would have sustained the judgment. The objectionable addition, therefore, was at the time illegal, and had been introduced in conformity with former precedents under a law that had been changed.

We are therefore of the opinion, that there was no error in the sentence pronounced by the Criminal Court of Baltimore city against the plaintiff in error, in awarding to him service and labor in the Penitentiary. At the same time we say, that the sentence would have been complete without it, and the better mode would be to avoid any additional phraseology, except where the Act of Assembly obviously requires it.

The second ground of error is, that the sentence omitted to declare that the prisoner should restore the things taken to the owner, or pay him the full value thereof, and that because of this omission, the sentence is incomplete, illegal and void.

We do not regard the omitted terms as any part of the sentence or punishment of the criminal. By referring again to the 98th section of the 30th Article of the Code, it will be readily perceived that this part or clause of the section is merely declaratory of the rights of the owner to the things stolen, and of the duty of restoration or payment by the prisoner. It forms no part of the sentence proper; for after this declaration the section proceeds to say, "and be *sentenced* to the Penitentiary," &c. It is, therefore, unnecessary for us to express any opinion upon the effect of a clear omission of any part of a sentence or penalty prescribed by law.

If a lighter burden is imposed by the sentence on a convict than the law authorizes, it would seem that the prisoner ought not to have the privilege of a reversal and discharge

on that account. Indeed, the better mode, in all cases where doubts as to the judicial power exist, would be, by Legislative enactment, to empower the appellate tribunal to correct errors, both of omission and addition, and to pronounce the correct judgment, wherever it can be done consistently with the verdict. This would be more promotive of the ends of justice, and the safety of society.

*Judgment affirmed.*

(Decided July 12th, 1865.)